Edward S. Silver, J.
This is a motion for an order to determine that the attempted service of a potice of election is void and, further, to determine that the time for service and filing of said notice has expired.
Decedent’s will was admitted to probate by decree dated April 8, 1965 which determined, inter alia, that respondent in the instant motion was not the surviving spouse of the decedent, never having been married to her. This court, by order dated October 28, 1966, in the interest of justice, granted a motion vacating the decree entered April 8, 1965 and ordered that the matter be set down for a hearing. The order was unanimously affirmed, without opinion, by order of the Appellate Division dated October 23, 1967 (28 A D 2d 1093). A motion for leave to appeal to the Court of Appeals was dismissed February 15, 1968 (21 NY 2d 828). On February 21, 1968 respondent’s notice of election was filed in,this court. The notice states that proceedings for probate of decedent’s will are now pending in this court and was served upon the designated executor.
Movant concedes that a notice of election may be filed prior to probate of a will in order to preserve the survivor’s personal right of election. However, he argues that, letters testamentary having issued to the designated executors on April 8, 1965, pursuant to the decree of that date, respondent’s time to file expired six months thereafter, and no motion to open the default having been made before the expiration of twelve months after date of probate, respondent’s right of election is extinguished by operation of the statute (EPTL 5-1.1).
Respondent relies upon the order revoking the decree. The court is of the opinion that the decree in its entirety was revoked and thus any appointment of fiduciary thereunder is voided and of no effect. It is as though no decree was ever entered and no period may be limited to run from the date thereof. There can be no merit to a contention that a decree containing several separate findings was revoked only in part where the order of revocation makes no such reservation. The court did not intend to serve the interests of justice by ordering a rehearing as to *918 respondent’s status while at the same time peremptorily foreclosing him from the exercise of the rights attendant upon that status. The order is and was intended to be a vacatur of the decree in its entirety (Matter of Arnold, 125 N. Y. S. 2d 782). The motion is denied in all respects.